UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

BENJAMIN HINSON WARD,
     Plaintiff,

vs.                            Case No.:  3:21cv325/LAC/EMT

OKALOOSA COUNTY JAIL, et al.,
     Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Benjamin Hinson Ward (Ward), a pretrial detainee proceeding pro se and in forma pauperis, initiated this action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 (*see* ECF Nos. 1, 8).  Ward did not file his complaint on the court-approved form as required by the court's Local Rules; therefore, the court directed him to file an amended complaint on the form (ECF No. 5).  Ward has now filed an Amended Complaint (ECF No. 6) as well as a document titled, "Requesting Federal Review of My Detention" (ECF No. 10).

The court is statutorily required to review Ward's Amended Complaint to determine whether the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A.  Upon review of Ward's Amended Complaint, it is apparent that his claims are either

frivolous or his factual allegations fail to state a plausible claim upon which relief may be granted. It likewise is clear Ward cannot cure the deficiencies by filing another amended complaint. Therefore, the undersigned recommends the case be dismissed.

## I.    BACKGROUND

Ward names the Okaloosa County Jail and his parents, Burt and Catherine Ward, as Defendants (ECF No. 6 at 1). Ward alleges he has been detained at the Okaloosa County Jail (Jail) for over thirty-eight months on a charge of aggravated stalking (by violating an injunction or court order) in Okaloosa County Circuit Court Case No. 2017-CF-3452, and a charge of violating his probation in Case No. 2016-CF-2180 (*id.* at 5, 7). Ward alleges the charges are based upon false information provided to law enforcement by his parents, Defendants Burt and Catherine Ward (*id.* at 5). Ward alleges his parents also provided false and misleading medical information to prosecutors and the state trial court, specifically, that Ward had been psychotic since 2015, which led to his temporary detention at Florida State Hospital (*id.* at 5–6). Ward alleges he was living in Texas when his mother provided a false report to law enforcement (*id.* at 5). Ward alleges he was arrested in Texas on December 15, 2017 and extradited to Florida (*id.*). He alleges he has been detained at the Jail ever since (*id.*). Ward alleges the state trial court has not set bond (*id.*).

Ward alleges he inherited approximately $100,000 from his deceased grandparents, which was placed in the Benjamin Ward Trust (ECF No. 6 at 5–6). Ward alleges his father, Defendant Burt Ward, is the temporary trustee (*id.*).  Ward alleges his father has made unauthorized expenditures of his trust funds totaling over $75,000 (*id.* at 6).  Ward alleges he is disabled, and his parents' conduct violates Florida Statutes §§ 825.102–103, which criminalize abuse and exploitation of a disabled adult (*id.*).

Ward challenges the legality of his pre-trial detention (ECF No. 6 at 7).  As relief, Ward seeks compensation from the Jail in the amount of $1,000.00 per day for each day he has been confined (*id.*).  He also requests compensatory damages from his parents in the amount of his trust funds they have spent (*id.*).  Ward additionally seeks injunctive relief.  He requests dismissal of the criminal charges and release from detention, or at least release on bond (*see* ECF No. 10 at 1).  He also requests an apology from his parents, and if they refuse, he requests that they be criminally prosecuted (ECF No. 6 at 7).

II.    STATUTORY SCREENING STANDARD

To survive dismissal at the screening phase, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal marks and citation

omitted).  The plausibility standard is met only where the facts alleged enable "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  The complaint's allegations must establish "more than a sheer possibility that a defendant has acted unlawfully." *Id.*  Mere "labels and conclusions or a formulaic recitation of the elements of a cause of action will not do," and a plaintiff cannot rely on "naked assertions devoid of further factual enhancement." *Id.* (internal marks and alteration omitted); *see also Franklin v. Curry*, 738 F.3d 1246, 1251 (11th Cir. 2013).  In other words,

> [p]leadings that, because they are no more than conclusions, are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Iqbal*, 556 U.S. at 679.

The court reads a pro se plaintiff's pleadings in a liberal fashion and holds them to a less stringent standard than pleadings drafted by attorneys.  *See Harris v. Goderick*, 608 F. App'x 760, 761 (11th Cir. 2015).  Nevertheless, in civil rights cases, "[m]ore than mere conclusory notice pleading is required . . . .  A complaint will be dismissed as insufficient where the allegations it contains are vague and conclusory."  *Gonzalez v. Reno*, 325 F.3d 1228, 1235 (11th Cir. 2003) (internal marks and alteration omitted).

## III.    DISCUSSION

### A.    Claims against the Jail

A plausible § 1983 claim requires that the named defendant be an entity subject to suit.  *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992).  The capacity of a party to be sued is determined by the law of the state in which the district court sits.  *Id.* at 1214–15.  Here, Ward has named the Okaloosa County Jail as a Defendant; however, in Florida, there is no such legal entity as the "Okaloosa County Jail."  Under Florida law, there are constitutionally created political subdivisions called counties and separately created constitutional officers, including a sheriff.  *See* Fla. Const. Art. VIII, §§ 1(a) and (d).  No provision is made, constitutionally or statutorily, for a county jail facility as a separate legal entity, as an agency of the county, or as a corporate entity.  Nor is a county jail given authority to be sued in such a name.  *See Eddy v. City of Miami*, 715 F. Supp. 1553, 1556 (S.D. Fla. 1999) (indicating that department which is integral part of local government's policing function is not an entity subject to suit under § 1983); *Heckman v. Hall*, No. 3:07cv268/MCR/MD, 2007 WL 2175919, at *3 (N.D. Fla. 2007) (holding that county jail is not an actionable legal entity because it does not enjoy a separate legal existence independent of the county or the sheriff's office), *Report and Recommendation Adopted by* 2007 WL 2428487 (N.D. Fla. 2007).

Additionally, because Ward's claims against the Jail challenge the fact and duration of his confinement, they are in the nature of habeas corpus and must be asserted in a petition for writ of habeas corpus, not a civil complaint. *Valle v. Sec'y, Fla. Dep't of Corr.*, 654 F.3d 1266, 1267 (11th Cir. 2011) ("[H]abeas corpus law exists to provide a prisoner an avenue to attack the fact or duration of physical imprisonment and to obtain immediate or speedier release.").

Moreover, Ward is precluded from recovering the compensatory damages he seeks, specifically, compensation for each day of his incarceration since his arrest, at the rate of $1,000 per day. According to the Prison Litigation Reform Act (PLRA), "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). "[T]he phrase 'Federal civil action' means all federal claims, including constitutional claims." *Napier v. Preslicka*, 314 F.3d 528, 532 (11th Cir. 2002).

This action, brought by Ward under 42 U.S.C. § 1983, is a "Federal civil action" under this definition, and it is evident from the face of Ward's pleadings that he was an inmate at the time he filed this action. Ward does not allege he suffered any physical injury resulting from his allegedly illegal detention. Accordingly,

Ward is precluded under the PLRA from recovering the compensatory damages he seeks.

In sum, Ward's factual allegations against Defendant Okaloosa County Jail fail to state a plausible claim upon which relief may be granted. Therefore, his claims must be dismissed, pursuant to § 1915(e)(2)(b)(ii).

### B.   Claims Against Burt and Cathy Ward

Ward brings claims against his parents under Florida criminal statutes, specifically, those criminalizing abuse and exploitation of disabled adults, Florida Statutes §§ 825.102–103. Ward claims that his parents violated these statutes by filing a false report with the Okaloosa County Sheriff's Office and spending his trust funds.

Provisions of criminal law do not provide a civil cause or action or any civil remedies. *See Hanna v. Home Ins. Co.*, 281 F.2d 298, 303 (5th Cir. 1960)[1] (criminal statutes provide no civil remedies); *see also, e.g., Laster v. CareConnect Health Inc.*, No. 20-14726, 2021 WL 1546098, at *2 (11th Cir. Apr. 20, 2021) (unpublished but cited as persuasive authority) (same); *Paletti v. Yellow Jacket Marina, Inc.*, 395 F. App'x 549, 552 n.3 (11th Cir. 2010) (criminal statutes that do not provide a private

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the Fifth Circuit Court of Appeals issued before the close of business on September 30, 1981.

right of action); *Mantooth v. Richards*, 557 So. 2d 646, 646 (Fla. 4th DCA 1990) (holding that a violation of a Florida criminal statute did not afford a civil remedy).

Further, a private citizen lacks standing to maintain a criminal action. *See Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989) (noting that only a prosecutor may bring a complaint under criminal statutes); *see also, e.g., Asad v. Bush*, 170 F. App'x 668, 673 (11th Cir. 2006) (unpublished) (private citizen lacks standing to maintain criminal action); *Winslow v. Romer*, 759 F. Supp. 670, 673 (D. Colo. 1991) (private citizens generally have no standing to institute criminal proceeding).

Ward's claims against his parents under Florida's criminal statutes, which are the only claims he asserts against them, have no legal basis. Therefore, Ward's claims against Defendants Burt and Cathy Ward should be dismissed under § 1915(e)(2)(B)(i).

## IV.    CONCLUSION

Ward's factual allegations fail to state a plausible claim for relief against Defendant Okaloosa County Jail; therefore, those claims should be dismissed, pursuant to § 1915(e)(2)(B)(ii). Ward's claims against his parents, Defendants Burt and Cathy Ward, are legally frivolous; therefore, those claims should be dismissed pursuant to § 1915(e)(2)(B)(i).

Accordingly, it is respectfully **RECOMMENDED**:

1.     That Plaintiff's "Requesting Federal Review of My Detention" (ECF No. 10) be **DENIED.**

2.     That Plaintiff's claims against Defendant Okaloosa County Jail be **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief can be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

3.     That Plaintiff's claims against Defendants Burt and Cathy Ward be **DISMISSED WITH PREJUDICE** as frivolous, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i), 1915A(b)(1).

4.     That the Clerk of Court be directed to enter judgment accordingly and close this case.

At Pensacola, Florida this 5th day of May 2021.

*/s/ Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation.** <u>**Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.**</u> **An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**